## LORD *vs.* SILL.

In April, 1851, H, being the owner in fee of a tract of land, a part of which was incumbered by a mortgage to Yale College, mortgaged the whole of said tract to S, by a deed which was subsequently ascertained to be void as to his creditors. In April, 1852, he mortgaged the same land to W, and in November, 1852, the plaintiff caused an execution, issued upon a judgment in his favor, to be levied upon the equity of redemption in said premises, and subject to all said mortgages. The equity of redemption was of less value than the amount of such judgment, and it did not appear that, at the time of such levy, the plaintiff had any knowledge, or means of knowing, whether the defendant's mortgage was, or was not, valid. The plaintiff claiming a right to redeem said premises on paying to S, the amount due on said mortgage to W, tendered to him said amount, and also a deed of assignment of the

Lord *v.* Sill.

defendant's interest in said premises, which the latter refused to execute, and thereupon the plaintiff brought his bill in equity against S, for a conveyance of said premises. Held, 1. That the levy of the plaintiff's execution was not void, on the ground that it was made subject to said mortgage to S. 2. That, although the mortgage to S. was void, as to the creditors of H. who so treated it, it was good against the plaintiff's title acquired by the levy aforesaid. 3. That the plaintiff, as the holder of the mortgage to W, had a right to redeem the mortgage to Yale College, unless the defendant should elect to redeem said mortgage to W, which he had a right to do, by virtue of the mortgage from H. to him, and that the plaintiff, as the owner of the equity of redemption, had a right to redeem the mortgage to the defendants and the mortgage to Yale College.

THIS was a bill in chancery, brought by Lynde Lord, against Thomas Sill, to redeem certain mortgaged premises, and to obtain a conveyance of the defendant's interest therein.

To this bill, the defendant filed an answer, at the term of the superior court holden in December, 1853, when a committee was appointed, whose report, which was substantially as follows, embraced the facts material to the present case.

On the 13th day of November, 1852, John Hart was the owner, in fee, of the tract of land, described in the plaintiff's bill, subject to the following mortgages, executed by said Hart, *viz.*, a mortgage of a part of said premises to the president and fellows of Yale College, dated April 12th, 1848, given by said Hart to secure his bond for two thousand dollars; a mortgage of the whole of said premises to Wyllis Warner, dated March 11th, 1851, given to secure two notes of said Hart, described in the condition of said mortgage to said Warner, one of which was for the sum of five hundred dollars, and the other for three hundred and sixteen dollars; also second mortgage to said Warner, dated April 2d, 1852, said notes having been, by mistake, incorrectly described in said first mortgage.

On the 11th of November, 1851, prior to the execution of said second mortgage to said Warner, Hart mortgaged said premises to the defendant Sill, to secure Hart's note to him,

of that date, payable, on demand, with interest, for one thousand dollars.

At the time of the execution of said mortgage deed and note to the defendant, in November, 1851, there was a balance of sixty dollars due said Sill, from said Hart, upon a store account, for sundries; and interest on the items of said account on said Sill's books, would have added considerably to the amount thereof, said account in November, 1851, being of from nine to sixteen years' standing.

In September, 1852, the plaintiff recovered judgment against said Hart, for the sum of $636.63, upon which judgment was rendered, and thereupon an execution was issued, which the plaintiff caused to be levied upon said Hart's equity of redemption in said premises, subject to the mortgages to the president and fellows of Yale College, to the mortgage to Warner, and also, to the aforesaid mortgage to the defendant; it being stated in the return of the officer, upon said execution, that the value of the whole premises was $———; that the amount due upon the defendant's mortgage, at the time of said levy, was one thousand and sixty dollars; that the value of the equity of redemption, subject to all said mortgages, was fifty dollars. Said execution was duly returned, and recorded in the land records of the town where said land was situated.

On the 18th day of January, A. D., 1853, the plaintiff paid to said Warner, the amount then due to him on said notes, mentioned in said Hart's second deed to him aforesaid, and thereupon said Warner assigned to the plaintiff the said notes, and by a proper deed, conveyed to the plaintiff, all his right, title, and interest in said premises, acquired by the mortgage deeds to said Warner, and on or about the 19th day of January, A. D. 1853, the defendant paid to said president and fellows of Yale College, the amount then due, on the aforesaid bond, and the said president and fellows

thereupon assigned to the defendant their mortgage, with the debt due on the bond secured thereby.

On the 23d day of February, 1853, the plaintiff made a legal tender to the defendant, of one thousand eight hundred and ninety dollars, which was the amount then due on said bond, assigned to said Sill as aforesaid, and also, at the same time, tendered to him a deed of assignment of said college mortgage, to the plaintiff, drawn in proper form, and requested the defendant to accept said amount, so due on said bond, and to execute such deed of assignment, but said Sill refused to accept said tender, and to execute said deed of assignment, unless the plaintiff would also pay to said Sill, the amount of said Sill's debt from said Hart, secured as aforesaid by said mortgage; but was willing, and offered to take any money, which the plaintiff might pay to him, and was willing, and offered to make such an assignment as aforesaid, if the plaintiff would pay to the said Sill, the amount of the said Sill's debt from said Hart, which the plaintiff refused. There was no evidence, however, before the committee, that said Sill, at the time of said tender, claimed any less than the whole of said mortgage note of $1,000 as due to him.

The case, embracing the foregoing facts, was reserved for the advice of this court.

*Foster* and *Chadwick*, for the plaintiff, contended,

1. That the plaintiff was entitled to redeem the premises in question, on paying to the defendant, the amount of the first mortgage. The levy of the execution in question, or the equity of redemption, subject to all the mortgages, including that of Sill, vested in the plaintiff, all Hart's right and interest in the premises, and therefore all the rights of a creditor of Hart, and among others, the right of contesting fraudulent conveyances, which the debtor, whose interest he takes, would be estopped from contesting. It also vested in him the right to dispute the fraudulent mortgage, which Hart

cannot exercise, but which his creditor, who takes his interest by operation of law, may do.

2. That the plaintiff is not estopped from denying the validity of a mortgage, which is fraudulent as against Hart's creditors, because that mortgage has been acknowledged, by the officer, in his return, and its value deducted by the appraisers, in estimating said equity. Sw. Dig., 622. 34 E. C. L., 140.

3. That the principle is recognized in various decisions in our own state, that, where land has been set off on execution, by mistake, to a creditor, of greater value than the amount of the execution, the levy is not void, but that, by a bill in chancery, the execution creditor may be compelled to pay over the surplus so received, above the amount of his execution. *Fitch* v. *Ayer*, 2 Conn. R., 143. *Huntington* v. *Winchell*, 8 Conn. R., 45. *Spencer* v. *Champion*, 9 Conn. R., 536. *Hathaway* v. *Hemingway*, 20 Conn. R., 191. It cannot ordinarily be known whether a supposed fraudulent mortgage is so, or not, and if, after a long time, it appears that the mortgage would probably be sustained, the unpaid balance of the execution can be collected out of the property of the debtor, without any litigation; but if a levy is made in accordance with the claim of the defendant, and it should appear that the mortgage, supposed to be fraudulent, is valid, then, in order to collect the balance of the execution, the creditor must contest the validity of such mortgage, and ascertain the fact. *Cowles* v. *Bacon*, 21 Conn. R., 451. The mode, pursued by the plaintiff, dispenses with all needless litigation; works no injury to the rights of any one; is in accordance with established principles, in analogous cases in our own state, and conflicts with no principle of law whatever.

*McCurdy*, contra, contended,

1. That the plaintiff, having taken the land, expressly under the incumbrance of the Sill mortgage, cannot now

hold it, free from that claim, so as to obtain $1,050 for $50, and $900 more than his debt; there being no pretence of any mistake. *Russell* v. *Dudley*, 3 Met., 147. *Morris* v. *Floyd*, 5 Barb. Sup. Ct., 130.

2. That the finding is not warranted by the allegations of the petition. 2 Sw. Dig., 225, 227. 7 Conn. R., 497 and 343. 2 Conn. R., 161. 3 Sand., Ch. Rep., 564, U. S. Dig., 1848, 277. 5 Day, 230.

3. That the sum of $200 having been found due to Sill, and nothing having been tendered for it, there can be no decree in favor of the plaintiff. 2 Cush., 32.

HINMAN, J. The plaintiff's bill takes no notice of the mortgage to the defendant, of November 11th, 1851 ; and as there is no replication to the defendant's answer, in which that mortgage, with other facts, is set out, and title claimed under it, the proceedings are, in this respect, informal,—the parties, however, went to trial before the committee, as if there had been a denial of all the facts set out by the plaintiff in his bill, and also a denial, by the plaintiff, of all the new matter, alleged by the defendant in his answer, and the committee have made a full report in regard to all the matters alleged by either party ; we shall treat the informality, therefore, as waived, and proceed to determine the respective rights of the parties, upon the facts found in the report of the committee.

The plaintiff has the whole equity of redemption, by virtue of the levy of his execution ; and has, of course, a right to redeem all prior incumbrances. He, however, levied his execution on the equity of redemption, as subject, not only to the mortgages to the college, and to Mr. Warner, but also as subject to the mortgage to the defendant, on which he says in his levy, there was due, at the time he set it off, the sum of one thousand and sixty dollars. But the facts, found by the committee, show that the defendant's mortgage was given under such circumstances, that creditors have a right

to treat it as fraudulent and void, and the plaintiff now claims the right to redeem the other mortgages, and to hold the land, without paying the amount which appears to be due on this. If he was permitted to do this, under the title acquired by the levy of his execution, it is obvious that he would, in this way, acquire a title to real estate, valued at more than a thousand dollars, without making any compensation for it whatever. The plaintiff's argument is, that, as that was a fraudulent mortgage, the defendant cannot set it up as against the plaintiff, a creditor of Hart, under whom they both claim. We think it a sufficient answer to this, to say, that the defendant does not set up his fraudulent mortgage, but the plaintiff set it up, and affirmed it, by levying his execution, expressly subject to it; and the defendant may well say to him, you have not taken, or attempted to take, the land represented by that mortgage, and therefore have no equitable claim to it, and you must be willing to do what is equitable, at the time when you are asking for equitable relief.

It was suggested, by the defendant's counsel, that the levy was void, on the ground that the whole equity of redemption was not taken, or enough of it to satisfy the plaintiff's execution. This is not so. The plaintiff found the land incumbered by the defendant's fraudulent mortgage. It does not appear that he had any means of determining whether it was a valid or invalid incumbrance; and, if he had any suspicion on the subject, we think the defendant cannot complain, because the plaintiff chose to treat him as an honest man, in taking his mortgage of Mr. Hart. On the contrary, it would seem, that the plaintiff, if he was misled by finding such an incumbrance upon the property, and levied his execution subject to it, supposing it to be a valid incumbrance, has still the right, by a proper application to the court, to correct the levy of his execution, and to take the property as if there was no such incumbrance upon it. That point, however, does not arise in the case.

The plaintiff, since the levy of his execution, has paid and

taken an assignment of the Warner mortgage, and the defendant has paid and taken an assignment of the mortgage to the college; and as the defendant also holds his one thousand dollar mortgage from Hart, and the plaintiff the final equity of redemption, by virtue of the levy of his execution, the question arises, in what order, respectively, the parties have a right to redeem, or are bound to redeem.

The mortgage to the college was prior in point of time, and, being valid, in every respect, against all persons, must be first paid.

The mortgage to Mr. Sill, the defendant, being next in point of time, and, though void against creditors, who choose to treat it as fraudulent, yet good, in respect to all other persons, and, as we have seen, good in respect to the plaintiff's title, acquired by the levy of his execution, must be next paid, if the plaintiff only claims to redeem by virtue of the title acquired by such levy. But the plaintiff now holds the mortgage to Mr. Warner, which, though subsequent to the defendant's mortgage, is, nevertheless, to be preferred to that mortgage, on the ground that, as a mortgagee, by a valid mortgage, he is also a *bona fide* creditor of Hart, and so can hold against the claim under the fraudulent mortgage: as against the defendant's fraudulent mortgage, therefore, the plaintiff's title, by virtue of the Warner mortgage, is second in point of time, and is to be redeemed next to the college mortgage, and, of course, as second mortgagee, the plaintiff has a right to redeem the college mortgage, without redeeming the mortgage to the defendant. But none of the mortgagees have a right to anything, but the money due them on the respective claims, and as Mr. Hart, the original mortgagor, would have the right to redeem any of the mortgages, so any grantee, or mortgagee of his, whether the grant or mortgage was founded on any consideration or not, has a right to redeem any of the prior mortgages. The effect, therefore, is to postpone the defendant's mortgage to any *bona fide* incumbrance not expressly made subject to it, and, therefore, it is postponed to the Warner mortgage; and the decree of the

court should be so modified as to permit the plaintiff, as the holder of the Warner mortgage, to redeem the college mortgage, unless the defendant, as the holder of his mortgage of the eleventh day of November, 1851, shall elect to redeem the Warner mortgage, held by the plaintiff, and if he so elects to pay, and redeem the Warner mortgage, he is to be permitted to do so, unless the plaintiff, as the owner of the ultimate equity of redemption, shall elect to redeem, by paying both the defendant's individual mortgage, and also the mortgage which he holds, by assignment from the college.

In this opinion the other judges concurred, except WAITE, J., who was absent when the case was argued.

Decree accordingly.